IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARKEVIUS JERRELL CALLOWAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:15cv783-WKW |
| | )                    (WO) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Markevius Jerrell Calloway ("Calloway") is before the court on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Doc. No. 1.[1]

## I.  BACKGROUND AND PROCEDURAL HISTORY

On August 13, 2013, Calloway pleaded guilty under a plea agreement to conspiring to possess with intent to distribute 280 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 & 841(a)(1) (Count 1); possessing cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) (Count 17); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 36).[2]  *See* Doc. No. 17-1.  The plea agreement contained an appeal/post-conviction waiver on sentencing issues, with exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct.

---

[1] References to document numbers ("Doc. No.") are to those assigned by the clerk of court in this § 2255 action or, where indicated, in the underlying criminal case, Case No. 2:12cr235-MEF.  All page references are to those assigned by CM/ECF.

[2] Thirteen people in addition to Calloway were named as defendants in the 57-count indictment.  Doc. No. 7-1.

*See* Doc. No. 7-6 at 5–6.  Following a sentencing hearing on December 17, 2013, the district court sentenced Calloway to 147 months in prison, comprising concurrent terms of 87 months on Counts 1 and 17 and a consecutive term of 60 months on Count 36.  *See* Doc. No. 1-2 at 1–2.  The district court entered the judgment on December 24, 2013.  *Id.* at 1.

Calloway did not file a timely appeal.  However, on November 3, 2014 (over 10 months after he was sentenced), Calloway filed a *pro se* motion for an extension of time to file notice of appeal.  Doc. No. 7-10.  The district court denied that motion on November 5, 2014, finding that Calloway had provided no legal basis for an extension of time.  Doc. No. 7-11.

On November 7, 2014, Calloway filed a second *pro se* motion for an extension of time to file an appeal, this time alleging that his trial counsel failed to file an appeal on his behalf despite his instruction that counsel do so.  Doc. No. 7-12.  The district court denied Calloway's motion on January 16, 2015, noting in its order that the proper method for Calloway to raise his counsel's failure to file an appeal was in a motion for relief under 28 U.S.C. § 2255.  Doc. No. 7-13.

Over nine months later, on October 21, 2015, Calloway, proceeding *pro se*, filed this motion for relief under 28 U.S.C. § 2255 presenting claims that (1) his trial counsel was ineffective for failing to file an appeal as instructed; (2) he is actually innocent of the conspiracy count because the drug conspiracy involved less than 280 grams of cocaine, and his counsel was ineffective for failing to challenge the drug amount attributed to him and for allowing him to plead guilty to the conspiracy count; (3) the district court erred in applying a drug-house enhancement under the Sentencing Guidelines, and his counsel was

2

ineffective for failing to challenge the enhancement; (4) he is actually innocent of the § 924(c) count to which he pleaded guilty, and his counsel was ineffective for allowing him to plead guilty to that count; and (5) the district judge who sentenced him engaged in judicial misconduct involving racial discrimination by imposing harsher sentences against African Americans, and his counsel was ineffective for failing to raise this issue.  Doc. No. 1 at 4–8; Doc. No. 2 at 2–8.

In a response filed on December 24, 2015, the Government argued that Calloway's § 2255 motion is untimely under the one-year limitation period in 28 U.S.C. § 2255; that his allegations of actual innocence lack merit; and that his claims challenging his sentence are barred under the waiver provision in his plea agreement.  Doc. No. 7.

On June 17, 2016, Calloway file a *pro se* amendment to his § 2255 motion asserting that the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), invalidates his § 924(c) conviction for possessing a firearm in furtherance of a drug trafficking crime.  Doc. No. 13.  The Government filed a response arguing that *Johnson* is inapplicable to Calloway's § 924(c) conviction and that Calloway's claim was untimely raised in his amendment.  Doc. No. 17.

On August 31, 2016, the District's Federal Defender Organization,[3] filed a "Reply to Government's Response" on Calloway's behalf, arguing that the district court should

---

[3] On July 28, 2016, under a Standing Order concerning defendants sentenced in this District who raise claims under *Johnson,* the court appointed the Federal Defender to represent Calloway for purposes of reviewing his case regarding his Johnson claim :and to take all appropriate future action as is necessary." Doc. No. 15 at 1.  On March 18, 2017, the Federal Defender moved to withdraw as Calloway's appointed counsel in the § 2255 proceeding so that Calloway could proceed pro se in the matter.  Doc. No. 25.  The court granted the Federal Defender's motion to withdraw on March 20, 2017.  Doc. No. 26.

have treated Calloway's *pro se* motion for an extension of time to file an appeal—filed by Calloway on November 7, 2014—as a motion for relief under 28 U.S.C. § 2255 seeking an out-of-time appeal on the ground Calloway's trial counsel was ineffective for failing to file an appeal for Calloway despite being instructed to do so.  Doc. No. 19.  The Federal Defender argued that Calloway therefore filed a timely § 2255 motion on November 7, 2014, and that this court should hold an evidentiary on his claim in that motion that his counsel was ineffective for failing to file an appeal as instructed.  *Id.* at 4–8.

The Government filed a response to the Federal Defendant's Reply, arguing that the district court did not err by failing to treat Calloway's *pro se* motion for an extension of time to file an appeal as a motion for relief under 28 U.S.C. § 2255 and that, in any event, the challenge to the district court's failure to recharacterize Calloway's *pro se* motion was untimely.  Doc. No. 21.

On June 28, 2017, Calloway file a *pro se* amendment to his § 2255 motion, asserting that (1) the district court should resentence him based on *Dean v. United States*, 137 S.Ct. 1170 (2017), so that his 60-month sentence for his § 924(c) conviction runs concurrently with his sentence for his other convictions; and (2) under a decision by the Ninth Circuit Court of Appeals in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), his § 924(c) conviction is invalid.  Doc. No. 27.  The Government filed a response to Calloway's amendment arguing that his new claims were untimely raised and, in any event, lacked merit.  Doc. No. 29.

4

For the reasons that follow, it is the recommendation of the magistrate judge that Calloway's § 2255 motion be denied without an evidentiary hearing and this case be dismissed with prejudice.

## II.   DISCUSSION

### A.   AEDPA's One-Year Limitation Period

The Government argues that Calloway's § 2255 motion is time-barred under the one-year limitation period in 28 U.S.C. § 2255(f) and that, because his § 2255 motion is time-barred, all claims raised in his amendments to the § 2255 motion are also time-barred. *See* Doc. Nos. 7, 17, 21 & 29.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which established a one-year limitation period for filing a motion under 28 U.S.C. § 2255.  In pertinent part, AEDPA amended § 2255 to provide:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Calloway did not timely appeal his conviction, his conviction became final 14 days after the district court's December 24, 2013 entry of judgment—that is, on January 7, 2014. *See* Fed.R.App.P. 4(b)(1)(A); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Thus, under § 2255(f)(1), Calloway had until January 7, 2015, to file his § 2255 motion. He filed his § 2255 motion on October 21, 2015.

Calloway sets forth no facts or argument to establish that he may use § 2255(f)(2) or § 2255(f)(4) as a triggering event for statute of limitations purposes. Specifically, he has not shown that some unconstitutional governmental action impeded him from filing his § 2255 motion at an earlier date, *see* § 2255(f)(2), or that the facts supporting his claims could not have been discovered earlier by exercising due diligence, *see* § 2255(f)(4).

Regarding the applicability of § 2255(f)(3), Calloway predicates one of his claims, raised in his June 17, 2016 amendment to his § 2255 motion, on the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), arguing that *Johnson* invalidates his 18 U.S.C. § 924(c) conviction for possessing a firearm in furtherance of a drug trafficking crime. In *Johnson,* which was decided on June 26, 2015, the Supreme Court determined that the definition of "violent felony" under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See* 135 S. Ct. at 2557–59, 2563. In April 2016, in *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. 136 S.Ct. at 1264–65. Section 2255(f)(3) reopens AEDPA's one-year time period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

6

recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).

Calloway asserted his *Johnson* claim within one year after the Supreme Court's decision in *Johnson*.  However, *Johnson* is inapplicable to Calloway's § 924(c) conviction. That conviction was based on his possession of a firearm in furtherance of a drug trafficking crime, not in furtherance of a crime of violence.[4]  Calloway presents no basis for extending *Johnson*'s holding regarding violent felonies and the ACCA's residual clause to drug trafficking crimes under § 924(c).  Indeed, "*Johnson* has no impact on the definition of "drug trafficking crime."  *Johnson v. United States*, 2016 WL 4179995, at *1 (S.D. Ala. Aug. 5, 2016).  Moreover, the Eleventh Circuit has held that *Johnson*'s void-for-vagueness ruling on the ACCA's residual clause does not apply to § 924(c), and thus *Johnson* cannot be applied to invalidate convictions under § 924(c).  *Ovalles v. United States*, 861 F.3d 1257, 1265 (11th Cir. 2017).  *See Council v. United States*, 706 F. App'x 622, 623 (11th Cir. 2017); *Mobley v. United States*, 697 F. App'x 646, 647 (11th Cir. 2017).  Because *Johnson* does not apply to Calloway's § 924(c) conviction, his claim challenging that conviction is not based on a right newly recognized by the Supreme Court.  Consequently, Calloway may not use *Johnson* to apply § 2255(f)(3) as a triggering event for statute of limitation purposes.  Instead, § 2255(f)(1) provides the limitation period for Calloway's putative *Johnson* claim.  Under that subsection, the claim is untimely.

---

[4] Section 924(c) makes it a crime to possess a firearm in furtherance of a crime of violence or in furtherance of a drug trafficking crime.  18 U.S.C. § 924(c).  *Johnson* concerned the definition of a violent felony under the ACCA's residual clause and did not address the definition of a crime of violence as used in § 924(c).

**Equitable Tolling**

The limitation period in AEDPA may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Calloway neither demonstrates nor asserts that he is entitled to equitable tolling of the limitation period for filing his § 2255 motion. Therefore, equitable tolling does not apply in his case.

**November 2014 Motion for Extension of Time to File Appeal**

Through a filing by the Federal Defender on August 31, 2016, Calloway has argued that the district court should have treated his *pro se* motion for an extension of time to file an appeal—which Calloway filed on November 7, 2014—as a timely motion for relief under 28 U.S.C. § 2255 seeking an out-of-time appeal on the ground his counsel was ineffective for failing to file an appeal despite being instructed to do so. Doc. No. 19. To support this argument, Calloway cites the Eleventh Circuit's opinion in *United States v. Diggs*, 610 F. App'x 901 (11th Cir. 2015), where a three-judge panel remanded with instructions to the district court to construe the appellant's request for an extension of time to file a notice of appeal as a § 2255 motion.

8

In *Diggs*, the appellant had explicitly asked the district court to "'look behind the title of [ ]his Motion'" and "'recharacterize [ ]his action as a 28 U.S.C. § 2255 [motion]'" because that "'appear[ed] to be the most correct method by which to raise [ ]his issue.'" 610 F. App'x at 903.  Calloway, however, made no such request of the district court. Instead, almost 22 months after the fact, he argued for the first time that the district court should have treated his November 2014 motion for extension of time to file an appeal as a § 2255 motion.  Even after the district court noted in its January 2015 order denying an extension of time to appeal that the proper method for Calloway to raise his counsel's failure to file an appeal was in a § 2255 motion, Calloway never indicated to the district court that he wanted his motion treated as § 2255 motion and never asked the court to look behind the title of his motion to recharacterize it is a § 2255 motion.  Because these factors distinguish Calloway's case from *Diggs,* Calloway's case is not controlled by *Diggs*.

Moreover, unlike the appellant in *Diggs*, Calloway did not appeal the January 2015 ruling of the district court denying his motion for an extension of time to file an appeal, where he could have timely presented the argument that his motion should have been treated as a § 2255 motion.  Instead, he waited for over nine months to initiate this action by filing a § 2255 motion in October 2015.  Any attempt by Calloway to appeal the district court's denial of his motion for an extension of time to file an appeal was long since untimely when Calloway argued for the first time, in August 2016, that the district court erroneously failed to treat his November 2014 motion as one seeking relief under 28 U.S.C. § 2255.  Under the circumstances, the undersigned finds no error in the district court's

failure to treat Calloway's motion for an extension of time to file an appeal as a § 2255 motion.

Calloway's § 2255 motion was untimely filed. Likewise, the claims Calloway raises in the amendments to his § 2255 motion are untimely. AEDPA's limitation period expired on January 7, 2015. Calloway filed his § 2255 motion on October 21, 2015, and he filed his amendments on later dates. All filings occurred after AEDPA's limitation period expired, and none are subject to equitable tolling.

## B.   Actual Innocence

Calloway claims he is actually innocent of the conspiracy count (Count 1) and the § 924(c) count (Count 36) to which he pleaded guilty. Doc. No. 1 at 5 & 8; Doc. No. 2 at 2–4 & 5–6.

A habeas petitioner who demonstrates actual innocence of his crime of conviction may proceed with a habeas petition that otherwise would have been statutorily time-barred under AEDPA. *McQuiggin v. Perkins*, 569 U.S. 383, 393-95 (2013). Petitioners asserting actual innocence as a gateway to review of an untimely habeas petition must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998).

"[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). As the Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

### Conspiracy Count

When pleading guilty to Count 1, for conspiring to possess with intent to distribute 280 grams or more of cocaine in violation of 21 U.S.C. §§ 846 & 841(a)(1), Calloway admitted that at least 280 grams of cocaine were attributable to him under the drug conspiracy. Doc. No. 17-1 (change of plea hearing) at 7–8; Doc. No. 7-6 (plea agreement) at 5. During the plea colloquy, Calloway acknowledged that he and his coconspirators "[had] an understanding that [they] would possess and possess with intent to distribute cocaine base and cocaine" and that they did "distribute or possess with intent to distribute 280 or more grams of cocaine and cocaine base." Doc. No. 17-1 at 7–8.

Calloway points to no new reliable evidence, as required by *Schlup*, to support his claim that he is actually innocent of the conspiracy count for which he was convicted. Instead, he maintains that he could not be guilty of a conspiracy involving at least 280 grams of cocaine because a leader of the same conspiracy pleaded guilty under a plea agreement that limited his relevant conduct to not more than 279 grams of cocaine. Doc. No. 2 at 2–4. Calloway presents no authority for the proposition that he could be responsible for no more than the drug amount attributed to his coconspirator in the coconspirator's plea agreement, nor does he demonstrate that his relevant conduct

11

regarding drug amounts as part of the conspiracy was identical to that of the coconspirator in question. Calloway's presentence report and the testimony presented at his sentencing hearing established that drug amounts well over 280 grams were attributable to Calloway. *See* Doc. No. 7-9 (sentencing hearing); Case No. 2:12cr235-MEF (Doc. No. 416 [presentence report]). Calloway's acknowledgements in his own plea agreement and his statements at his change of plea hearing constituted admissions that the conspiracy to which he was pleading guilty involved 280 or more grams of cocaine. His arguments regarding his coconspirator's plea agreement do not demonstrate his own factual innocence. His actual-innocence claim fails to satisfy the standard in *Schlup* and provides no basis for excusing application of AEDPA's limitation period.

### Section 924(c) Count

When pleading guilty to Count 36, Calloway admitted he possessed a firearm in furtherance of a drug trafficking crime. Doc. No. 17-1 (change of plea hearing) at 9; Doc. No. 7-6 (plea agreement) at 5. During the plea colloquy, Calloway acknowledged that he had a firearm in his possession and that the purpose of having the firearm was to protect himself or the drugs he had in his possession. Doc. No. 17-1 at 9. He further affirmed that he had the firearm "so that [he] could, if [he] needed to, distribute and possess the cocaine base that [he] . . . pled guilty to." *Id*. Calloway points to no new reliable evidence to support his claim that he is actually innocent of the § 924(c) offense. Instead, he disavows his guilty plea and challenges its factual basis. In particular, he contends he did not possess a gun in furtherance of a drug trafficking crime but instead only sold a gun during a drug trafficking crime, which he suggests does not amount to an offense under § 924(c). Doc.

No. 2 at 5–6.  However, bartering, selling, or buying a gun to advance a drug trafficking crime may constitute the offense of possession of a firearm in furtherance of drug trafficking crime under 18 U.S.C. § 924(c).  *United States v. Miranda*, 666 F.3d 1280, 1282–84 (11th Cir. 2012).  Calloway's actual-innocence claim does not satisfy *Schlup*'s demanding standard and provides no gateway to review of Calloway's time-barred claims.[5]

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Calloway be DENIED and this case DISMISSED with prejudice because the § 2255 motion is untimely under the limitation period in 28 U.S.C. § 2255(f).

It is further

ORDERED that the parties shall file any objections to this Recommendation or before March 2, 2018.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party

---

[5] Calloway also alleges that he is "actually innocent" of the two-level drug-house enhancement applied to his sentence pursuant to the Sentencing Guidelines, U.S.S.G. § 2D1.1(b)(12).  Doc. No. 2 at 4–5.  However, alleged errors in the application of guideline enhancements cannot support claims of actual innocence where the alleged error does not result in a sentence greater than the statutory maximum.  *See Gilbert v. United States*, 640 F.23d 1293, 1315 (11th Cir. 2011); *Orso v. United States*, 452 F. App'x 912, 914 (11th Cir. 2012).  Accordingly, this allegation of actual innocence may not constitute a basis for excusing application of AEDPA's limitation period in Calloway's case.

to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of February, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE